FILED

OCT 20 2017

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

| | |
|---|---|
| IN THE MATTER OF APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER AND CALLER IDENTIFICATION FEATURE FOR CELLULAR CALL NUMBER 240-203-1802 | UNDER SEAL<br><br>MISC NO. 3:17 MC 58 |

## ORDER

This matter has come before the Court pursuant to an Application under 18 U.S.C. §§ 2703 and 3122, by Lara K. Omps-Botteicher, an attorney for the Government, which Application requests an Order authorizing and extending: 1) the installation and use of a pen register and caller identification/caller identification deluxe feature, pursuant to 18 U.S.C. §§ 3122 and 3123; 2) the receipt of call records and subscriber information, pursuant to 18 U.S.C § 2703; and 3) an order sealing this application, affidavit and order. The requested Application relates to the telephone line presently assigned number **240-203-1802** (the "Target Telephone") with service provided by SPRINT PCS (the "Telecommunications Provider") and believed to be used by Rogelio MARTINEZ.

IT APPEARING that the numbers dialed or pulsed from mobile telephone line presently assigned to the Target Telephone and the capture of the incoming electronic impulses to the Target Telephone that identify the originating number of an instrument or device from which a wire communication is transmitted are relevant to an ongoing criminal investigation of the specified offenses; and that the applicant has provided specific articulable facts that there are reasonable

grounds to believe that the records sought are relevant and material to the ongoing investigation of possible violations of 21 U.S.C. §§ 841 and 846.

IT IS ORDERED, pursuant to 18 U.S.C. §§ 2703 and 3123, that the Federal Bureau of Investigation, West Virginia State Police, Eastern Panhandle Drug and Violent Crimes Task Force, Northwest Virginia Regional Drug and Violent Gang Task Force, and the Nebraska State Patrol may, for a period of forty-five (45) days from the date of authorization:

1) install and use a pen register to register numbers dialed or pulsed from the Target Telephone, to record the date and time of such pulsing or recordings, and to record the length of time the telephone receiver in question is off the hook for incoming or outgoing calls; and

2) install and use a caller identification/caller identification deluxe feature to capture the incoming electronic impulses from all area codes without geographic limitation to the Target Telephone that identify the originating number of an instrument or device from which a wire communication is transmitted; and

IT IS FURTHER ORDERED that this Order applies not only to the Target Telephone but to any subsequent number or line assigned to replace the above-referenced number or line; and

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2703(d), that the Telecommunications Provider and any other telecommunications-related carrier shall provide the Agency with subscriber and billing information, to include any and all special features, for any numbers dialed or pulsed from and to the Target Telephone for a period of forty-five (45) days from the date of authorization; and

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2703(d), that the Telecommunications Provider and any other telecommunications related carrier shall provide the Agency with historical local and long-distance telephone connection records or records of session times and duration for the Target Telephone in the 6 month prior to the date of this Order; and

2

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(b)(2), that the Telecommunications Provider shall furnish agents of the Federal Bureau of Investigation, West Virginia State Police, Eastern Panhandle Drug and Violent Crimes Task Force, Northwest Virginia Regional Drug and Violent Gang Task Force, and the Nebraska State Patrol forthwith, with all information, facilities, and technical assistance necessary to accomplish the installation of the pen register and caller identification/caller identification deluxe feature and cell site information, unobtrusively and with a minimum of interference with the services that are accorded persons with respect to whom the installation and use is to take place; and

IT IS FURTHER ORDERED, that the Telecommunications Provider be compensated by the Federal Bureau of Investigation for reasonable expenses incurred in providing such technical assistance; and

IT IS FURTHER ORDERED, that the Telecommunications Provider may move to quash or modify this Order if the information or records requested are unusually voluminous in nature or if compliance with this Order otherwise would cause an undue burden on the Telecommunications Provider; and

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d), that the Telecommunications Provider shall not disclose the existence of the pen register, the caller identification/caller identification deluxe feature, or the existence of the investigation to the listed subscriber, or to any other persons unless or until otherwise ordered by the Court; and

IT IS FURTHER ORDERED, that this matter shall be SEALED until further order of this Court;

IT IS FURTHER ORDERED, that the Clerk of the Court shall provide the United States Attorney's Office with two (2) certified copies of this Application and Order. The United States

may provide the Federal Bureau of Investigation, West Virginia State Police, Eastern Panhandle Drug and Violent Crimes Task Force, Northwest Virginia Regional Drug and Violent Gang Task Force, and the Nebraska State Patrol with one (1) certified copy of this Application and Order.

10/20/17
Date

Hon. Robert W. Trumble
United States Magistrate Judge

4